Victor Sherman (SBN 38483)
Law Offices of Victor Sherman
11400 West Olympic Blvd. #1500
Los Angeles, CA 90405
(424) 371-5930
Victor@VictorSherman.law
(Attorney for Mr. Kumar)

Patrick M. Griffin (SBN 276171)
Griffin Law Office, APC
1350 Columbia St., Suite 401
San Diego, CA 92101
(619) 269-2131
Patrick@GriffinLawOffice.com
(Attorney for Mr. Dmitrienko)

Devin Burstein (SBN 255389)
Warren & Burstein
501 West Broadway, Suite 240
San Diego, California 92101
(619) 234-4433
db@wabulaw.com

John C. Ellis, Jr. (SBN 228083)
Law Offices of John C. Ellis, Jr.
2495 Truxton Road, Suite 206
San Diego, California 92106
(619) 501-5522
john@johnellislaw.com
(Attorney for Mr. Hosseini)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SEYYED HOSSEIN HOSSEINI,<br>ALEXANDER DMITRIENKO,<br>EDWIN HARMENDRA KUMAR,<br><br>Defendants. | Case No.: 21-cr-01623-JLS<br><br>Reply in support of Defendants' objection to the government's proposed protective order. |

The government buries the lead. In a footnote on the last page of its filing, the government concedes that the press has already reported on the identity of the third country, Lithuania. ECF No. 191 at 12 n. 8. Assuming

1

this is true – a fact the defense has no way to confirm until the government produces the relevant discovery – the identity of the third country is now in the public domain.[1]

This fact significantly undermines the government's argument that an additional protective order is needed to protect the identity of the third country from disclosure. Moreover, as the defense told the government, counsel have agreed to file documents received in discovery under seal pursuant to the current protective order. Accordingly, any further restrictions on the public's right to access are unwarranted and unjustified.

To this end, the government's bald assertions about the supposed sensitivity of the subject information remain unsupported by any affidavit or declaration. According to the government, a further order is necessary to protect "ongoing investigations and sensitive law enforcement techniques." ECF No. 191 at 9.[2] But this assertion is entirely conclusory, especially given that the FBI shutdown the Anom network *two years ago*.

For that reason, it is unsurprising that the government does not provide

---

[1] The article is available here: https://www.404media.co/revealed-the-country-that-secretly-wiretapped-the-world-for-the-fbi/

[2] Unless otherwise noted, within quotations, all emphasis is added and all internal citations as well as internal quotation marks are omitted.

2

a single example of how discussing the third country information in court filings will injure governmental interests to such a degree that this Court should override the strong constitutional presumption in favor of public access to court records. Indeed, the government's claims cannot withstand scrutiny.

Assume, for instance, the defense filed a motion with the Court discussing the content of the government's MLAT requests to the third country regarding the Anom program. Those communications would likely reveal the intent of the parties and the nature of their agreement before and during the program, but they would not undermine any ongoing investigations into crimes committed thereafter.

An analogy is illustrative. Two parties enter into a joint venture agreement to develop a technology. That technology is then used by others – not the joint-venture parties – to commit crimes. The content of the joint venture agreement may be relevant for many reasons, but it could *not* reveal what was taking place during later criminal investigations. One simply has nothing to do with the other. The same is true here.

On this point, it bears further repeating that under Rule 16(d), good cause exists "when a party shows that disclosure will result in a *clearly defined, specific and serious injury.*" *United States v. Smith*, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013). But "[b]road allegations of harm, unsubstantiated

by specific examples or articulated reasoning, do not support a good cause showing." *Id.*

Further, "[u]nder th[e] stringent [compelling reasons] standard, a court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture. The court must then conscientiously balance[] the competing interest of the public and the party who seeks to keep certain judicial records secret." *Center for Auto Safety v. Chrysler Group*, LLC, 809 F.3d 1092, 1096-97 (9th Cir. 2016).

Here, the prosecution has given the Court nothing but "hypothesis or conjecture" on which to rely. *Id.* The government, therefore, has failed to meet either the good cause or compelling reasons standard discussed in the defense objection.

Along with its legal shortcomings, the prosecution also misstates the facts. After the last hearing, the defense discussed with the government by phone the view that an additional protective order was unwarranted. And in the interest of full disclosure, defense counsel told the government they would file an objection to the government's proposed protective order. Thus, contrary to the government's suggestion, the objection was not a surprise.

In the final analysis, it is ironic that every time a prosecutor stands before this Court, he or she makes an appearance on behalf of the People of

the United States, but the prosecutors in this case are trying to hide important information from the very people who they are supposed to represent. The executive branch does not get a general pass to proceed in secrecy. That is not how our courts, Constitution, or country work.

If the government did nothing wrong in partnering with a third country (presumably Lithuania) for the purpose of avoiding the restrictions of the Fourth Amendment and Title III – as it maintains – there should be no need to hide the truth from the public. That the government is fighting so hard to do so is troubling. To borrow from Hamlet: "The [prosecution] doth protest too much, methinks."

The fact is, because there is already a protective order in place, with which the defense will comply, there is no need for further restrictions on the constitutional right to public access. Accordingly, the defense respectfully requests the Court direct the government to produce the subject discovery forthwith under the current protective order so that the accused can proceed with their investigations and trial preparations.

Dated: September 14, 2023

Respectfully submitted,
*Devin Burstein*
*Victor Sherman*
*Patrick Griffin*
*John Ellis*