# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SEYYED HOSSEIN HOSSEINI (5),<br>ALEXANDER DMITRIENKO (6),<br>AURANGZEB AYUB (10),<br>EDWIN HARMENDRA KUMAR (14),<br>  aka Edwin Harmendra Valentine,<br>OSEHAH ELHASSEN (17),<br><br>    Defendants. | Case No.: 21-CR-1623-JLS<br><br>**PROTECTIVE ORDER** |

Upon motion by the United States and pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure pertaining to pretrial discovery, and to prevent premature disclosure of evidence or information to other targets, subjects, or witnesses, or disclosure relating to ongoing investigations or sensitive law enforcement matters,

IT IS HEREBY ORDERED that this Order relates to and covers discovery material relating to the third country and provided pursuant to the Court's rulings at the August 23, 2023 motion hearing in this case (hereinafter referred to as the "Protected Material"). The Protected Material includes any information tending to identify the third country; agencies, entities, or other authorities of the third country; or law enforcement or other individuals

within the third country; and such information includes but is not limited to: the name of the third country, location(s) within the third country, names of authorities or law enforcement officers within the third country, the official or native language(s) of the third country, and materials in that language(s).

IT IS FURTHER ORDERED that counsel of record for the Defendants and their assistants (the term "assistants" means private investigators, experts, secretaries, law clerks, paralegals, or any other person who is working for a Defendant and counsel of record for a Defendant) may review the Protected Material with Defendants but may not provide or leave any copy of any Protected Material with any Defendant.

Counsel of record for the Defendants and their assistants shall not disclose the Protected Material, disclose the substance of any Protected Material, or provide a copy of any Protected Material to any third party (including but not limited to any member or representative of the media or other third parties) unless such material is already a matter of public record, without prior approval of the Court. This protection includes a prohibition against the public filing of any Protected Material in this case or any other court case. Any Protected Material or reference to any Protected Material submitted to the Court in this matter, whether in briefing or exhibits, must be filed under seal. Accordingly, and as described above, any information tending to identify the third country must be filed under seal. Any such under-seal filing shall be in un-redacted form, and the filing party shall then have 48 hours to file on the public docket a redacted copy of any such filing in which any and all Protected Material and references to Protected Material are redacted. Any Defendant who files such briefing or exhibits under seal must, within 24 hours of the under-seal filing, provide the Government with a copy of the proposed redacted version for the public docket before publicly filing it. The parties shall confer about any redactions needed for the public docket and, if the parties disagree, the parties shall contact the Court about any disagreement, and the Defendant(s) shall not publicly file any such redacted copy before the Court rules on the dispute(s).

This Order supplements but does not replace the Protective Orders previously entered in this case as to each Defendant and other discovery materials in this case. Accordingly, those Protective Orders already entered continue to govern discovery materials other than the Protected Material.

The (Acting) United States Attorney and the Assistant United States Attorneys assigned to this case (hereafter, "the Government") and their assistants, the Defendants, and counsel of record for the Defendants and their assistants, shall not disclose the substance of any discovery material produced to the Defendants or obtained by the Government from the defendant, unless such material is already a matter of public record, to representatives of the media or other third parties not involved in any way in the investigation or prosecution of the case.

Nothing contained herein shall prevent the Government and its assistants from disclosing Protected Material to any other attorneys working for the Government or government agents (federal, state, or local), or shall prevent any counsel of record for any Defendant from disclosing Protected Material to their assistants (as defined above), in the investigation or preparation of this case or, with respect to the Government and its assistants, in other criminal investigations, without prior court order.

Further, nothing contained herein shall preclude the Government and its assistants, or counsel of record for Defendants and their assistants, from conducting a normal investigation of the facts of this case on behalf of the Government or any Defendant; or, with respect to the Government and its assistants only, from conducting an investigation of other criminal activity (i.e., criminal activity not charged in this case), including interviewing witnesses disclosed by Protected Material, or from taking statements from witnesses disclosed by Protected Material, or from asking said witnesses if they themselves have made prior statements to the Government that are disclosed in Protected Material, and about the contents of such statements. In connection with any such investigation, it shall not be necessary that the Government or its assistants, counsel of record for Defendants or their assistants, obtain prior permission of this Court.

Should counsel withdraw or be disqualified from participation in this case, any Protected Material received and any copies derived therefrom shall be returned to the Government within 10 days or, if agreed to by the parties, to replacement counsel.

Counsel of record for Defendants and the Government shall be required to communicate the substance of the Government's motion and Protective Order and explain it to their clients and assistants before disclosing the substance of the Protected Material to their clients or assistants.

**IT IS SO ORDERED.**

Dated: September 14, 2023

*(signature)*
Hon. Janis L. Sammartino
United States District Judge